UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------X
Erez Yekutiel,

                Plaintiff,

       -against-

Collection Information Bureau, Inc.
d/b/a Doctors Business Bureau,

                Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Plaintiff Erez Yekutiel (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant Collection Information Bureau, Inc., d/b/a Doctors Business Bureau (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et. seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PARTIES

1.      Plaintiff is a natural person and resident of the State of Texas, County of Colin, residing at 8428 Wild Creek Drive Plano, Texas 75025. At all relevant times herein, Plaintiff maintained his residence at this address.

2.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

1

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Florida, and is authorized to conduct business in the State of Texas, with its principal place of business at 202 North Federal Hwy, Lake Worth, Florida 33460.

4. Upon information and belief and at all relevant times, Defendant regularly collects or attmpts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA and is subject to the requirements of the FDCPA.

5. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §§1692 et. seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff allegedly incurred a debt to Physician's Associates (referred to hereinafter as the "Alleged Debt"), account number 723xxxx. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

10. Beginning in or about January 2007, Defendant commenced collection activity against Plaintiff to recover the Alleged Debt.

11. Defendant reported the Alleged Debt to the credit reporting agency, Equifax, in or around April 2007.

12. On or about November 16, 2012, Plaintiff sent a dispute letter to Defendant, requesting validation of the Alleged Debt (See letter, attached hereto and incorporated herein by reference as "Exhibit A").

13. Defendant received the letter via certified mail on November 20, 2012.

14. Defendant willfully failed to update the Plaintiff's credit report as disputed to reflect the accurate status of the debt (See credit report, attached hereto and incorporated herein by reference as "Exhibit B").

15. Defendant left its wrongful and incomplete information on the credit report despite its knowledge of the dispute. This significantly harmed the Plaintiff and his credit reputation.

16. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

17. The foregoing action by Defendant violated 15 U.S.C. §1692e(8), which requires that disputed account be communicated as disputed.

18. The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

19. The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

20. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, Plaintiff has been damaged.

21. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e

22. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's conduct violated 15 U.S.C. §1692e in that Defendant used false, deceptive, and misleading representation and means in its attempt to collect the Alleged Debt.

24. As a direct result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(8)

25. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's conduct violated 15 U.S.C. §1692e(8) in that Defendant failed to communicate with the credit bureau that the Alleged Debt was disputed.

27. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(10)

28.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.    Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the Alleged Debt.

30.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

31.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32.    Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in its attempt to collect the Alleged Debt.

33.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

34.    Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant, as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       February 27, 2013

                      Respectfully submitted,

                      By: _s/ Jerald Aland Belofsky_____
                          Jerald Alan Belofsky, Esq (249262)
                      Fredrick Schulman & Associates
                      Attorneys at Law
                      Attorney for Plaintiff
                      30 East 29TH Street
                      New York, New York 10016
                      (212) 796-6053
                      (212) 796-7679
                      info@fschulmanlaw.com

# EXHIBIT A

11/16/2012

Erez Yekutiel
8428 Wild Creek Dr
Plano, TX 75025

SS#:

DOCTORS BUSINESS BUREAU
202 N Federal Hwy
Lake Worth, FL 33460

Re: Account # 723XXXX
Original Creditor: PHYSICIANS ASSOCIATES

Dear Sir/Madam:

Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec 809 (b) that your claim is disputed and validation is requested. This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with the competent evidence that I have any legal obligation to you.

Please provide me with the following:

*Complete payment history

*Agreement that bears the signature of the alleged debtor wherein he agreed to pay the original creditor.

* Letter of sale or assignment from the original creditor to your company.(Agreement with your client that grants you the authority to collect on this alleged debt.)

*Prove the Statue of Limitations has not expired on this account

*Show me that you are licensed to collect in my state.

I'm sure you know, under the FDCPA Section 809 (b), you are not allowed to pursue collection activity until the debt is validated.

Sincerely,

Erez Yekutiel

# EXHIBIT B

**SYNDICATED OFFICE SYSTEMS**

| | |
|---|---|
| Status Date: | 01/2013 |
| Status: | D - Unpaid |
| Comments: | Medical |

**DOCTORS BUSINESS BUREAU**

| | |
|---|---|
| Agency Address: | 202 N Federal Hwy<br>Lake Worth, FL 334603438<br>(800) 841-3314 |
| Date Reported: | 04/2007 |
| Date Assigned: | 01/2007 |
| Creditor Classification: | Medical/Health Care |
| Creditor Name: | PHYSICIANS ASSOCIATES |
| Accounts Number: | 723XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $120 |
| Date of 1 st Delinquency: | 08/2006 |
| Balance Date: | 04/2007 |
| Balance Owned: | $120 |
| Last Payment Date : | N/A |
| Status Date: | 04/2007 |
| Status: | D - Unpaid |
| Comments: | Medical |

Back to Top

## Public Records

Public record information includes bankruptcies, liens or judgments and comes from federal, state or county court records.

Public record information includes bankruptcies, liens or judgments and comes from federal, state or county court records.

**You have no Public Records on file**

Back to Top

## Personal Information

The following information is added to your file either when creditors enter requests to view your credit history, or when you report it to CSC directly.

**Name:** Erez Yekutiel
**Social Security Number:**
**Age or Date of Birth:** Dec
**Formerly Known As:** Yekutiel S. Erez

## Address Information

| Current/Previous | Street Address | Date Reported | Telephone |
|---|---|---|---|
| Current | 8428 WILDCREEK DR<br>PLANO, TX 75025 | Last Reported 01/22/2013 | |
| Former Address 1 | 1607 PALERMO DR | Last Reported 01/22/2013 | |